# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM G. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05-CV-1787-MLM |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of William G. Carter for leave to commence this action without payment of the required filing fee [Doc. 1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis.

### The petition

Petitioner, a person currently confined at the Missouri Sexual Offender Treatment Center ("MSOTC") located in Farmington, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his civil commitment to the MSOTC and the constitutionality of the Missouri Sexually Violent Predator Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513.

### Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court may dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of this Court's records indicates that petitioner has previously filed five

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

petitions for writ of habeas corpus challenging his confinement at MSOTC, two of which are pending, *see Carter v. Blake*, 4:04-CV-624-FRB (E.D. Mo.) and *Carter v. Blake*, 4:05-cv-1675-ERW (E.D. Mo.). *See also Carter v. Swaim,* 4:03-CV-794-CDP (E.D. Mo. *dism'd as unexhausted* Aug. 29, 2003); *Carter v. Black*, 4:04-CV-272-TCM (E.D. Mo. *dism'd* May 7, 2004); *Carter v. Blake*, 4:05-CV-855-AGF (E.D. Mo. *dism'd as duplicative* July 6, 2005) .

In *Carter v. Blake*, 4:04-CV-624-FRB and *Carter v. Blake*, 4:05-cv-1675-ERW now pending in this district, petitioner asserts claims that are essentially the same as those raised in the instant petition. Consequently, the instant petition should be dismissed as duplicative. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (district court may dismiss duplicative complaints prior to service of process).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that instant petition for writ of habeas corpus be **DENIED** as duplicative.

An appropriate order shall accompany this memorandum and order.

Dated this 31st day of October, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com